## LIZZIE GINGARELLI, PLAINTIFF-APPELLANT, v. FRANK GINGARELLI, DEFENDANT-APPELLEE.

Submitted October 3, 1939—Decided March 20, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the plaintiff-appellant, *Joseph J. Breitner.*

For the defendant-appellee, *Max N. Schwartz.*

The opinion of the court was delivered by

TRENCHARD, J. This is the appeal of the plaintiff below from a judgment of the District Court rendered by the trial judge, sitting without a jury, in favor of the defendant below.

The following matters of fact we extract from the agreed state of the case which, we believe, contains nothing further now pertinent.

On March 22d, 1937, the plaintiff and the defendant entered into a written agreement wherein and whereby plaintiff hired and engaged the defendant as "help" or "manager" of a tavern owned by the plaintiff, and they engaged in the tavern business pursuant to that agreement until May 31st, 1938, on a profit sharing basis and thereunder the compensation for services rendered by the defendant was to be fifty per cent. of the profits, after deducting certain running or operating expenses of the business.

Upon the termination of the contract of employment there was outstanding in bills of creditors a total of $952.79. The

plaintiff contended in this suit that she was entitled to receive from the defendant one-half of such amount under the terms of the agreement. The defendant contended that under the terms of the agreement he was not to pay for any such merchandise delivered to the tavern, but that such was the sole responsibility of the plaintiff.

The court held that the plaintiff had no cause of action and rendered judgment in favor of the defendant. The court also rendered judgment against the plaintiff on the defendant's counter-claim for $260 which he claimed the plaintiff had improperly appropriated from the business for other than running or operating expenses.

Now the plaintiff complains that there was error (1) in the denial of the motion for judgment in favor of the plaintiff, and (2) in the denial of plaintiff's motion to dismiss the counter-claim of the defendant. We believe that no error is disclosed.

Simply stated, the plaintiff assumes that the parties to this suit were partners, and the defendant contends that he was merely an employe. The agreement of employment as disclosed by the state of the case seems to present no conclusive evidence of partnership, nor indeed any intention to create a partnership. On the contrary, it distinctly states that the defendant agreed to accept "employment." It specifically states that the plaintiff "hired and engaged" the defendant as "help" or "manager". for a stated specific time. It makes provision for his compensation to be fifty per cent. of the profits, as fixed by the terms of the contract. It vests in the plaintiff exclusive control over the property, the business, *and purchases made for business purposes.* Nothing further appearing, the inference seems to be conclusive that the relationship of the parties, as between themselves, was that of employer and employe and not that of partners.

A party who has no control of the business and no power as a partner in the firm, but who is employed as "help" or "manager" by the owner, receiving by way of compensation for his services a certain share of the profits, is not thereby constituted a partner as between the so-called manager and the owner, in the absence of other proof of an intention to be

partners. *Hargrave* v. *Conroy,* 19 *N. J. Eq.* 281; *Smith* v. *Perry,* 29 *N. J. L.* 74; *McMahon* v. *O'Donnell,* 20 *N. J. Eq.* 306; *Cornell* v. *Redrow,* 60 *Id.* 251; *Jernee* v. *Simonson,* 58 *Id.* 282.

In so far as the judgment for the defendant upon his counter-claim is concerned, the agreed state of the case certainly discloses that the motion to dismiss could not have been properly granted; and in respect to the amount of the judgment, if that be deemed to be questioned, the agreed state of the case shows that "in the event the defendant was successful in securing judgment, the judgment was to be in favor of the defendant on the counter-claim as against plaintiff for the sum of $260" and that was the amount of the judgment.

The judgment below will be affirmed, with costs.